986 F.2d 502
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Jackie BLUE; Plaintiff Appellant,
Victoria JONES; James Houston; Jesse Lee Hughes; Alvin E.
Lovelace, Plaintiffs,
v.
A.L. LOCKHART; Willis Sargent, Warden, Cummins Unit,
Arkansas Department of Correction; Timothy Baltz, Warden,
Wrightsville Unit; Virginia Wallace, Warden, Women's Unit;
Larry Norris, Warden, Maximum Security Unit; Arkansas Board
of Correction; Woodson D. Walker, Chairman, Arkansas Board
of Correction; Charles Mazander; Bobby Roberts; Morris
Dreher; Don Smith; Nancy Talburt, Member, Arkansas Board
of Correction; Floyd Johnson, Member, Arkansas Board of
Correction; David Guntharp, Warden, Tucker Unit; Edward
Lagrone, Warden, Pine Bluff Diagnostic Unit; Dewie
Williams, Administrator, Chaplaincy Services, Arkansas
Department of Correction; Bill Stricklin, Administrator,
Chaplaincy Services, Defendants Appellees.
 No. 93-1072.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: January 29, 1993.
Filed: February 25, 1993.
 
 Before BEAM, WOLLMAN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Jackie Blue, an Arkansas prisoner, appeals from the district court's[1] order denying his motions for contempt and for an evidentiary hearing. For the following reasons, we affirm.
 
 
 2
 In his contempt motion, Blue alleged that prison officials violated a consent decree when they cancelled an Islamic religious service previously scheduled for April 5, 1992, but held a Christian service on the same day. The district court accepted Blue's allegations as true and therefore denied his motion for evidentiary hearing.
 
 
 3
 The consent decree in question called for the hiring of a part-time chaplain to organize "free world" volunteers of two sects of the Muslim faith to conduct group religious services for Muslim inmates on a "substantially similar" schedule as Christian services. Prison officials were forced to cancel the April 5 Muslim service because no volunteers were available. The district court held that the consent decree does not require an equal number of Christian and Muslim services; it held that prison officials were not in contempt for cancelling the Muslim service because the lack of available free world volunteers was beyond their control.
 
 
 4
 Having carefully reviewed the record, we find this appeal to be entirely without merit. Accordingly, we affirm the district court's decision. Blue's motion for appointment of counsel is denied as moot. See 8th Cir. R. 47A.
 
 
 5
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Elsijane T. Roy, Senior United States District Judge for the Eastern District of Arkansas